UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.                                        CIVIL ACTION NO.  3:14cv751
                                                   CWR-FKB

**WILEY R. KUYRKENDALL, ET AL.**
    **Defendants.**

**MEMORANDUM IN SUPPORT OF MOTION OF THE UNITED STATES
TO CONFIRM SALE AND DIRECT DISTRIBUTION OF SALE PROCEEDS**

Under LR 7(b)(4), the United States submits this Memorandum in Support of its Motion of the United States To Confirm Sale and Direct Distribution of Sale Proceeds.

## FACTUAL BACKGROUND

On November 21, 2016, the Court entered its Final Judgment (Doc. 68) holding Wiley R. Kuyrkendall ("**Kuyrkendall**") liable for the unpaid balances of his 2001 and 2002 federal income tax liabilities inn the amount of $434,050.44 through October 30, 2015, plus interest and statutory additions thereon thereafter according to law until such time as the unpaid balances are satisfied.  In paragraph (10) of the Final Judgment, the Court directed that the federal tax liens that arose upon the assessments of these liabilities be foreclosed on the parcel of real property comprising the land with all improvements and appurtenances thereon and thereunto at 200 Grandview Court,  Pearl, Mississippi, in Rankin County, Mississippi (referred to as **Parcel 2** in paragraph 17 of the Amended Complaint of the United States [Doc. 3]) and more particularly described as follows:

> Lot 23, Patrick Farms, Phase One, Part Three, a subdivision according to a map or plat thereof which is on file and of record in the office of the Chancery Clerk of Rankin County at Brandon, Mississippi, in Plat Cabinet C at slot 127, reference to which is hereby made in aid and as a part of this description.

The Court further directed that, upon entry of its separate Decree of Foreclosure and Order of Sale, Parcel 2 be sold by the IRS's Property Appraisal and Liquidation Specialist ("**PALS**"). Under subparagraph 2(l) of the Decree, upon confirmation of the sale, all liens and claims of the parties to this action to and upon Parcel 2 are discharged and extinguished. The proceeds of sale are then to be distributed to the party claimants in the order set forth at pages 5 and 6 of the Decree.

On November 21, 2016, the Court entered its Decree of Foreclosure and Order of Sale as to Parcel 2 (Doc. 69) (the "**Decree**"). Consistent with the terms of the Decree, the IRS PALS conducted a public auction sale of Parcel 2 at Parcel 2 on June 5, 2019. **Exhibit 1** at paragraph 2 (Declaration and Final Report of Judicial Sale of IRS Property Appraisal and Liquidation Specialist Sara Wright)(the "**Wright Dec**."). For four weeks prior to the sale (on May 3, May 10, May 17, and May 24, 2019), the Notice of Sale was published in the Clarion-Ledger, a newspaper of general circulation in Rankin County, Mississippi. Wright Dec., ¶ 2.

Six registered bidders attended the auction at which Parcel 2 was offered for sale to the highest bidder. Parcel 2 was sold to T&J Investments, LLC, the bidder that made the highest acceptable bid for Parcel 2 in the amount of $210,000.00. Wright Dec., ¶ 3. T&J Investments, LLC tendered $33,500.00 on June 5, 2019 (the date of the sale) and paid the balance of $176,500.00 to the IRS PALS on June 10, 2019. Wright Dec., ¶ 3. As the Docket in this case reflects, the Clerk of this Court received the entire $210,000.00 in proceeds from the IRS PALS

on June 12, 2019. Wright Dec., ¶ 3. The Clerk has maintained these funds in the Registry of the Court pending further order of the Court as to whom the proceeds should be distributed.

In paragraph (10) of the Final Judgment, the Court ranked the claims to and upon the proceeds of sale.[1] In paragraph 6 of the Decree, the Court provided that, after confirmation of the sale, the proceeds are to be applied, as far as the funds are sufficient, to the following items in the order specified:

(a) First, to the United States for the expenses of sale, including any expenses incurred to secure or maintain Parcel 2 pending sale and confirmation of the sale by the Court;

(b) Second, to the Rankin County Tax Collector for any taxes or other assessments under 26 U.S.C. §§ 6323(b)(6)(A)-(C);

(c) Third, to the United States, for its lien claims for the unpaid balances of Kuyrkendall's federal income tax liabilities for 2001 and 2002;

(d) Fourth,[2] to the United States for its lien claim for criminal restitution or fine arising from the Judgment in a Criminal Case entered on December 8, 2009, in United States v. Wiley R. Kuyrkendall, Crim. No. 3:09cr117 (USDC S.D. Miss.); and

(e) Fifth, to Wiley R. Kuyrkendall for his claims based on his interest in Parcel 2.

---

[1] In footnote 2 (at page 5 of the Final Judgment), the Court addressed its disposition of the claims of other potential claimants to the proceeds whose claims ultimately were not included in its ranking of claims at pages 5-6 of the Final Judgment.

[2] Although the Notice of Lien for Fine and/or Restitution was recorded in 2010 before the Notices of Federal Tax Liens were recorded in 2012, the federal tax lien claims outrank it (in the ranking of competing, differing claims of the United States) because the 2001 and 2002 income tax liabilities were assessed long before the criminal lien arose upon the recordation of the Judgment in a Criminal Case on December 8, 2009.

3

The expenses of sale to be distributed by the Clerk to the United States through the Internal Revenue Service totaled $1,734.26.  Wright Dec., ¶ 4.  As is discussed below, the only taxes on Parcel 2 owed to Rankin County at the time of the sale were the ad valorem taxes for 2019 that had accrued through June 5, 2019, but were not yet due at the time of sale.  Accordingly, $1,902.00 of the proceeds should be distributed to the purchaser, T&J Investments, LLC, because T&J Investments (or its successor) will be responsible for paying the entire amount of the 2019 ad valorem taxes on Parcel 2 not later than February 1, 2020.  Wright Dec., ¶ 5

The claims of the United States for the 2001 and 2002 federal income tax liabilities of Kuyrkendall rank third and total in excess of $400,000.00.  Accordingly, the remainder of the sale proceeds ($206,363.74), along with any accrued interest, should be distributed to the United States for application to these liabilities.  Once these three distributions are made, no sale proceeds will be left to distribute with regard to the lien claim of the United States for criminal restitution or fine and the claims of Kuyrkendall.

## ARGUMENT

The provisions of 26 U.S.C. §§ 7402(a) and 7403(c) give this Court broad powers to order the sale of property subject to federal tax liens.  In entering the Decree, the Court followed the general procedural provisions for court-ordered sales of real property set forth in 28 U.S.C. §§ 2001(a) and 2002.  In pertinent part, Section 2001(a) provides:

> Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs.

Section 2002 specifies the type and frequency of notice to be given before a public sale. In pertinent part, Section 2002 provides:

> A public sale of realty or interest therein under any order, judgment or decree of any court of the United States shall not be made without notice published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated.

As confirmed in the Wright Declaration (including the accompanying exhibits) and described in the Factual Background section above, the IRS PALS (on behalf of the United States) conducted the sale of Parcel 2 in accordance with 28 U.S.C. § 2001(a) after notice was given as required under 28 U.S.C § 2002, and in accordance with the Decree.

One matter requires further explanation and consideration by the Court. In paragraph 6 of the Decree of Foreclosure and Order of Sale, the Court directed that, after confirmation, the second category of claims to be satisfied (after the expenses of sale of the United States) is payment to the Rankin County Tax Collector for "any taxes or other assessments under 26 U.S.C. § 6323(b)(6)(A)-(C)." This category includes only the *ad valorem* taxes for 2019 on Parcel 2 through the sale date of June 5, 2019 (all *ad valorem* taxes on the property for periods prior to January 1, 2019, have been paid).

Under Miss. Code § 27-41-1, county *ad valorem* taxes for one year (in this instance, 2019) are due and payable on or before the first day of February of the following year (2020). This statute provides in pertinent part that, "The tax collector shall begin to accept payment for such ad valorem taxes or assessments not later than December 26 of the year prior to the year in which such taxes are required to be paid."

The general practice of the Rankin County Tax Collector is not to accept prepayments of these taxes. Wright Decl., ¶ 5. Because the United States was responsible for payment of the

5

2019 property taxes through June 5, 2019, the United States and T & J Investments, LLC (the purchaser of Parcel 2) have agreed that, subject to the Court's approval, T & J Investments, LLC will receive reimbursement from the proceeds of sale in the amount of $1,902.00 for the prorated amount of property taxes that will be due for the 156 days of 2019 through June 5, 2019 (based on the taxes due for 2018). Wright Decl., ¶ 5. Accordingly, upon confirmation, the Court should direct that a check in the amount of $1,902.00 payable to T & J Investments, LLC (instead of the Rankin County Tax Collector) be disbursed by the Clerk of this Court because T & J Investments, LLC (or its successor) will be responsible for paying the entire amount of the 2019 ad valorem taxes on Parcel 2 by or before February 1, 2020.

## CONCLUSION

The United States has demonstrated that the IRS PALS has completed the sale of Parcel 2 in conformity with the requirements of the Decree of Foreclosure and Order of Sale previously entered by the Court. Accordingly, the Court should confirm the sale and grant the other relief requested by the United States in its Motion To Confirm Sale and Direct Distribution of Sale Proceeds.

**Date: October 10, 2019**                               Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division

/s/Robert E. Dozier
ROBERT E. DOZIER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6073
Facsimile: (202) 514-9868
robert.e.dozier@usdoj.gov

D. MICHAEL HURST, JR.
United States Attorney
Southern District of Mississippi

## CERTIFICATE OF SERVICE

    IT IS HEREBY CERTIFIED that service of the foregoing Memorandum in Support of the Motion of the United States To Confirm Sale and Direct Distribution of Sale Proceeds has been made this TENTH day of OCTOBER, 2019 by filing a copy of record in the ECF system maintained by the Clerk of Court whereby service was made on counsel of record and also by depositing a copy thereof in the United States Mail, first class postage prepaid, addressed to the following:

Wiley R. Kuyrkendall
1490 West Government Street
Unit 7
Brandon, Mississippi  39042

Service was also made by depositing a copy of the Memorandum in the United States Mail (Certified Mail Receipt No. 7005 0390 0002 2819 7272), first class postage prepaid, addressed to Mr. Kuyrkendall at the same address.

Additional service was made by sending a copy of the Memorandum to Mr. Kuyrkendall at his email address of rf4c@hushmail.com.

                                                /s/Robert E. Dozier
                                                ROBERT E. DOZIER
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice